IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| JOHN ARICK COLEMAN, PRO SE, § <br> TDCJ-CID No. 1628667, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> Lt. ALFREDA D. CARRIEON, § <br> JULIE M. EVANS, Sergeant BRYAN W. § <br> ADAMS, Capt. DONALD DEAN, JR., § <br> Capt. NFN HUTTON, Sergeant MARTHA E. § <br> MAES, Sergeant MICHAEL W. VENABLE, § <br> CO II N. GARCIA, Officer NFN GONZALES, § <br> JOE B. MILBERN, MARK ROTH, § <br> RICK THALER, Assist. Warden GREGORY S.§ <br> DAVID, and Warden NFN VOGELSANG, § <br> § <br> Defendants. § | 2:13-CV-0116 |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff JOHN ARICK COLEMAN, acting pro se and while a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed in accordance with Title 28, United States Code, section 1915(b).

After an initial review of the complaint, plaintiff was ordered to respond to a Briefing Order Questionnaire, which he did on September 4, 2013. The Court has also considered the altered request for relief contained in plaintiff's April 2, 2014 Motion for Leave to File Supplemental Complaint.

By his Complaint, his unsworn "Truth Affidavit of Material Facts" attached thereto, and

his September 4, 2013 response to the Court's Questionnaire, plaintiff alleges the prison staff at the Clements Unit has a history of systematic retaliatory misconduct toward prisoners who "do lawful litigating/petition the government for redress of wrongful acts or criminal activities and with collusion cover up." Plaintiff also claims staff steal prisoners' property and conceal that wrongdoing, all in violation of the RICO Act.

Specifically, plaintiff alleges that, on April 3, 2012, he was given a case for possession of contraband, but was not given any confiscation papers. Plaintiff's case was for possession of seven bags of coffee and four packets of tuna. He says that, at the disciplinary hearing, no pictures were shown of the items. In addition, plaintiff alleges the Disciplinary Hearing Officer, defendant Captain HUTTON, turned off the recorder and commented to defendant Substitute Counsel EVANS that the case was no good. Plaintiff says that, in order to find plaintiff guilty and punish him, defendant HUTTON altered the case to make it look as if the coffee and tuna had come out of the kitchen. Plaintiff complains defendant Substitute Counsel EVANS made no effort to correct defendant HUTTON.

Plaintiff complains that, on August 9, 2012, he was given a job change back to his old job as a barber and the work hours were raised from 40 to 50 hours Monday through Friday, and 8 more on Saturday.

Plaintiff further complains that, on November 14, 2012, after plaintiff got a disciplinary case for possession of stolen brownies, defendant Lt. CARRIEON called defendant Sgt. ADAMS and told him to send officer GONZALES to plaintiff's cell and take plaintiff's property. Plaintiff alleges defendant Lt. CARRIEON sent Officer N. GARCIA, CO II from 12 Building with a buggy to pick up plaintiff's property. Some of the property was left at the Safe Prisons Office

with defendants Sgt. MAES and Sgt. VENABLE. When plaintiff's property was returned, most of the commissary "came up missing along with vitale [sic] legal material."

Plaintiff continues that, on November 23, 2012[1], the Disciplinary Hearing Officer, defendant Captain DEAN, conducted a disciplinary hearing on a charge of possession of contraband (the stolen brownies) against plaintiff and failed to require a picture of the contraband. Plaintiff says this violated TDCJ regulations for disciplinary hearings and complains defendant Counsel Substitute EVANS did not ask DEAN to abide by TDCJ rules in this regard.

Plaintiff claims that, on April 4, 2013, "in retaliation by common manner of practice by officers," plaintiff was given an out-of-place case for returning to his housing location to use the restroom, even though he had received permission from Officer Kyle to leave the barber shop and return to his housing assignment for that purpose.

Plaintiff claims in vague terms that he is harassed and retaliated against on an almost daily basis for the exercise of his First Amendment rights to grieve and pursue his state appeal.

Plaintiff claims defendants ROTH and MILBERN "cover up officer misconduct and stealing from inmates" instead of investigating inmate claims and defendant THALER makes all the rules and regulations of TDCJ, but does not enforce them on officers. Plaintiff says he talked to defendant Warden DAVID about the retaliatory actions of officers and the theft and extortion but he has done nothing in response and defendant Warden VOGELSANG has been notified through I-60's and complaints at Unit Classification Committee hearings.

By his April 2, 2014 motion for leave to file supplemental complaint, plaintiff only

---

[1] Plaintiff actually pled the date was November 23, 2013; however, when the Court pointed out the discrepancy in the date and stated it assumed plaintiff meant November 23, 2012, plaintiff did not object. See plaintiff's September 4, 2013 Questionnaire Response at Question No. 5.

amends his requested relief. Plaintiff requests a preliminary and a permanent injunction ordering that defendants "cease their harassment, retaliatory actions, physical violence and threats toward plaintiff," an award of $25,000.00 in compensatory damages against each defendant jointly and severally, punitive damages of $50,000.00 against each defendant jointly and severally, and costs.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[2], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[3].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claims present grounds for dismissal or should proceed to answer by defendants.

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see, Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[3] *Cf, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Plaintiff appears to complain that three disciplinary cases, a job change, and a property theft or loss, all of which occurred within a 12-month period following the start of his "state appeal process," were triggered by retaliatory intent on the part of the defendants. Specifically, plaintiff alleges that, after he started his "state appeal process," there occurred an April 3, 2012 contraband case; an August 9, 2012 job change back to the barber shop; a November 14, 2012 theft of property; a November 2012 contraband case for possession of stolen brownies; and an April 22, 2013 case for being out of place.

**Counsel Substitute EVANS**

All of plaintiff's complaints against defendant EVANS concern EVANS' actions or failure to act while operating as plaintiff's Counsel Substitute in a disciplinary hearing. A Counsel Substitute representing an inmate in prison disciplinary proceedings does not act under color of state law for purposes of claims brought under Title 42, United States Code, section 1983. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Consequently, with respect to this and any other disciplinary case, plaintiff is unable to show one of the two essential elements necessary to state a civil rights claim against defendant EVANS. *Adickes v. Kress*, 398 U.S. 144, 149, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970)(two elements are necessary for recovery in this type of suit: (1) the plaintiff must show the defendant deprived him of a right secured by the Constitution and laws of the United States; (2) the plaintiff must show the deprivation was committed under color of law, usually by a state official or a private individual in conspiracy with such an official). Plaintiff's claims against defendant EVANS lacks an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendant Captain HUTTON**

Review of the public online docket service maintained by the Texas Court of Criminal Appeals shows that plaintiff's appeal of his criminal conviction was dismissed by the Court of Appeals for the Third District of Texas, at Austin on February 2, 2011 and was already pending before the Texas Court of Criminal Appeals in March of 2012. Further, as of March 9, 2012, plaintiff had already submitted his state petition for writ of habeas corpus[4]. It seems that plaintiff had not merely started his appeals process, but had prosecuted his direct appeal to the state supreme court and had completed the research and writing incident to his habeas petition before the complained-of events began in April of 2012.

Plaintiff's April 3, 2012 contraband case was for possession of 7 black bags of coffee and 4 tuna pouches. Plaintiff says he was not given confiscation papers and no photographs of the confiscated items were included in his disciplinary hearing. Further, plaintiff alleges the disciplinary hearings officer, defendant Captain HUTTON, turned off the taper recorder and commented to defendant Counsel Substitute EVANS that the case was no good because another inmate was given the same case, with confiscation papers. Plaintiff says HUTTON then altered the case to make it appear the coffee and tuna came out of the kitchen and plaintiff's Counsel Substitute made no effort to prevent this.

Plaintiff alleges this case was retaliatory and implies it was triggered by his exercise of the right to appeal his conviction. Plaintiff does not allege facts to support his claims of retaliatory intent either by the non-defendant officer who wrote the case or by defendant Captain HUTTON who made the disciplinary determination of guilt.

---

[4]The public online docket service maintained by the Texas Court of Criminal Appeals shows plaintiff's habeas corpus was dismissed on March 28, 2012 because his direct appeal was still pending at that time. The habeas was refiled in September 2012.

To claim retaliation, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). The inmate must be able to point to a specific constitutional right that has been violated. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir.1999). To state a claim, the inmate must allege more than his personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Conclusory allegations of retaliation are not sufficient; the plaintiff must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). A plausible entitlement to relief exists when the allegations in the complaint cross the thresholds separating the "conclusory" from the "factual" and the "factually neutral" from the "factually suggestive." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 n.5, 127 S.Ct. 1955, 1966 n.5, 167 L.Ed.2d 929 (2007). Moreover, causation requires the plaintiff to show that but for the retaliatory motive, the adverse act would not have occurred. *McDonald*, 132 F.3d at 231. Finally, the retaliatory adverse act must be more than inconsequential or *de minimis*, that is, it must be capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris v. Powell*, 449 F.3d 682 (5th Cir. 2006).

All plaintiff has presented is his personal belief that he is a victim of retaliation, but this will not support a claim under section 1983. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Plaintiff has failed to state a claim of retaliation on which relief may be granted with respect to the April 3, 2012 contraband case.

**JOB CHANGE**

Plaintiff states he received a job change on August 9, 2012, when he was assigned back to his old job of being a barber. Plaintiff says he worked fifty hours Monday through Friday and eight hours on Saturday, for a total of fifty-eight hours a week[5]. When the Court asked, in its July 31, 2013 Questionnaire, that plaintiff state facts supporting his claim that this job change was retaliatory, plaintiff responded, by his September 4, 2013 answer to question no. 4, with the argument that the work schedule was so heavy, he didn't have time to litigate his appeal because of his long work hours.

Plaintiff does not identify any of the defendants as being responsible for the change in his job assignment and does not allege any fact showing retaliatory motive or that, absent retaliatory motive the job change would not have occurred. Further, it is worth noting that plaintiff's direct appeal was already under consideration by the Texas Court of Criminal Appeals and plaintiff had his habeas action already prepared, as evidenced by its premature submission discussed earlier, *supra*. Plaintiff has not shown he suffered any interference at all with his ability to prosecute his appeal. Plaintiff has failed to state a claim of retaliation.

**POSSESSION OF STOLEN BROWNIES and PROPERTY LOSS**

Plaintiff's next disciplinary case originated from an incident on November 14, 2012 when he was charged with possession of a bag of brownies stolen from the chow hall. The November 26, 2012 disciplinary hearing was conducted by defendant Captain DEAN and defendant EVANS was plaintiff's Counsel Substitute. Plaintiff's complaint about the disciplinary hearing is that the case was retaliatory and defendant DEAN found plaintiff guilty of the offense even

---

[5] See paragraph no. 2 of plaintiff's extra pages to his Statement of Claim.

though a photograph of the brownies was not submitted as evidence.

Again, plaintiff has not alleged facts supporting his claim of retaliation and has not established causation. Plaintiff has failed to state a retaliation claim against defendant DEAN.

Plaintiff further alleges that, after he received the contraband case for brownies, defendant Lt. CARRIEON called defendant Sgt. ADAMS and told him to instruct defendant Officer GARCIA to pick up plaintiff's property. Plaintiff says some of the property was left at the Safe Prisons office with defendant Sgt. MAES and defendant Sgt. VENABLE. When plaintiff's property was returned, he found that most of his commissary and some legal material was missing.

Although plaintiff seems to include this incident among those he says were triggered by retaliatory intent, he has failed to allege facts to support any claim of retaliatory intent or causation. Plaintiff has failed to state a claim of retaliation with respect to this incident.

Plaintiff maintains the missing property was stolen, not confiscated[6]. If, as plaintiff alleges, his property was stolen, Texas has provided adequate post-deprivation state remedies for the confiscation of prisoner property by way of a tort action for conversion, plaintiff has failed to state a claim of constitutional dimension. *Cathey v. Guenther*, 47 F.3d 162 (5th Cir. 1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994)(holding that, in Texas, the tort of conversion is an adequate post-deprivation remedy); *Thompson v. Steele,* 709 F.2d 381, 383 (5th Cir.1983) (holding that a state action for damages is an adequate remedy), *cert. denied,* 464 U.S. 897, 104 S.Ct. 248, 78 L.Ed.2d 236 (1983); *Shaw v. Painter*, No. 97-51017, 165 F.3d 23, 19098 WL 870339 (5th Cir. Nov. 27, 1998). A prisoner's due process rights are not violated by the

---

[6]See plaintiff's September 4, 2013 Response to Question no. 8.

confiscation of property without regard to prison policy requiring notice and the opportunity to be heard, where the tort of conversion provides adequate post-deprivation remedies under Texas law. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994).

Further, if, as plaintiff's allegations appear to indicate, plaintiff's property was actually confiscated temporarily and later returned with some of it missing, and without any indication the missing property was the subject of legitimate confiscation, this allegation, at best states merely a tort claim of negligence on the part of the unidentified officers who did not steal but also did not prevent the theft. Nevertheless, section 1983 imposes liability for deprivation of constitutionally protected rights, not for violations of tort duties of care. *Griffith v. Johnston*, 899 F.2d 1427, 1435 (5th Cir. 1990); *see, also, Daniels v. Williams*, 474 U.S. 327, 331-34, 106 S.Ct. 662, 664-67, 88 L.Ed.2d 662 (1986)(inmate slipped on pillow left on stairs).

The Court notes plaintiff's complaint that the November 14, 2012 loss of some of his legal materials harmed him in the prosecution of his state writ of habeas corpus cause no. 62,090, filed September 24, 2012, by preventing him from submitting a supplemental 11.07 before the Texas Court of Criminal Appeals ruled on May 29, 2013. Plaintiff says he had to start over from the beginning with respect to his research and application.

Even if plaintiff was unable to do the necessary research and prepare the supplemental petition for writ of habeas corpus quickly enough to submit it before his first writ received a ruling, plaintiff does not indicate he ever moved to temporarily withdraw his September 24, 2012 petition so he could re-submit it at a later date when his supplementation was ready, or that he has since submitted a petition asserting the arguments he would have made in his proposed supplemental petition and suffered a rejection for the reason that they were not submitted with

the September 24, 2012 petition. Plaintiff has failed to show the actual injury necessary to state an access to courts claim and has, therefore, failed to state a claim on which relief can be granted. *Lewis v. Casey*, 518 U.S. 343, 351-54, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996); *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998)(without proving actual injury, the prisoner/plaintiff cannot prevail on an access-to-courts claim); *Chriceol v. Phillips*, 169 F.3d 313 (5th Cir. 1999).

The last incident involves a case plaintiff received April 22, 2013 for being out of place, which he maintains is false and retaliatory. Regarding this case, plaintiff alleges, in his September 4, 2013 Questionnaire response to question nos. 17, 18, and 19, that defendant Lt. CARRIEON works on the same shift with Sgt. Kyle and CO IV Kirkland and that CARRIEON "gave the order 'to get' the [plaintiff]." Plaintiff alleges CARRIEON did thereby cause Kyle to allow plaintiff to go from the barber shop back to his assigned building to use the restroom and caused Kirkland to write plaintiff an out-of-place case.

As to retaliatory intent, plaintiff alleges "[o]n April 4, 2013 in retaliation by common manner of practice by officers, Inmate Coleman was given a out-of-place case for returning ro his housing location to use the rest room, since there are no toilet supplies at the desk[7]."

Plaintiff also alleged, at Paragraph 8 of his "Affidavit" attached to his Original Complaint, that he was "once again subjective [sic] unto another commonly practiced false infraction (retaliatory act) of/for out of place. For returning unto his compelled assigned living section to use the bathroom."

By the Court's Questionnaire, plaintiff was specifically required to allege facts to support his claim of retaliatory intent. In response, plaintiff alleged, that Kyle gave plaintiff permission

---

[7]Paragraph 5 of plaintiff's hand-printed addition to his "V. Statement of Claim" in plaintiff's original complaint.

to go back to his housing section at 6:00 so he could use the restroom, but CO IV Kirkland wrote plaintiff an out-of-place case which Kyle later "signed off on."

Plaintiff expressly alleges CARRIEON's motive was "(1) to get [plaintiff] fired from his barber job, (2) to place [plaintiff] on restrictions, (3) to have petitioner appear before disciplinary court to take line class and hopefully send [plaintiff] to medium custody."

Plaintiff's allegations do not identify a specific constitutional right which triggered the claimed retaliation, and do not support a claim of the defendant's intent to retaliate against plaintiff for his exercise of that constitutional right. Further, his allegations do not show that, absent retaliatory intent, he would not have received the disciplinary case. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). Although plaintiff was afforded a second opportunity by way of the Court's Questionnaire, plaintiff has utterly failed to plead facts to support a claim of retaliation. Plaintiff has failed to state a retaliation claim on which relief can be granted.

To the extent plaintiff complains some or all of the complained-of events were triggered in retaliation for unspecified grievances, the mere fact that these events occurred after unspecified grievances is not sufficient to show the causation necessary to support a retaliation claim. The Fifth Circuit has rejected temporal proximity as showing causation in the context of § 1983 retaliation cases based on prisoner grievances. *Reeves v. Wood*, 206 Fed. Appx. 368, 370 (5th Cir.2006) (citing *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir.1995)). In *Reeves*, the Fifth Circuit stated that allowing temporal proximity alone to suffice for causation would result in endless claims of retaliation hampering the efficiency of the penal system. *Id.* (citing *Woods*, 60 F.3d at 1166). The same is true under the instant circumstances. Without additional proof of causation this claim fails.

**DUE PROCESS**

Plaintiff appears to challenge the disciplinary cases for contraband on Due Process grounds because pictures of the contraband were not introduced in the Disciplinary Hearing, as required by prison regulations. The mere allegation that prison policies were not followed does not state a claim. *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir.1996) (*per curiam*) (TDCJ-CID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimal constitutional requirements are met). In the wake of *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), a prisoner has a liberty interest only in "freedom[s] from restraint . . . impos[ing] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and these will normally consist of deprivations which clearly impinge on the duration of confinement. *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)(quoting *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 2294, 132 L.Ed.2d 418 (1995)). Plaintiff lost no good time credits in connection with either of these contraband cases[8] and, therefore, has no federally protected Due Process interest in the procedures implemented in these disciplinary hearings.

**FALSE DISCIPLINARY CASES**

Plaintiff's allegation that his disciplinary cases were false does not support a claim under section 1983. There is no freestanding section 1983 claim for malicious prosecution in the Fifth Circuit. *Castellano v. Fragozo*, 352 F.3d 939 (5th Cir. 2003). Thus, an inmate's claim that an officer initiated disciplinary proceedings against him without probable cause does not state a claim. *Id.*

---

[8]Plaintiff appears to have lost five days accumulated goodtime credits in connection with his out-of-place disciplinary case, but he asserts no due process challenge to that case.

**Defendants ROTH and MILBERN**

Plaintiff complains defendants ROTH and MILBERN "cover up officer misconduct and stealing from inmates" instead of investigating inmate claims. This claim appears to be based on plaintiff's belief that ROTH and MILBERN failed to property investigate and satisfactorily resolve plaintiff's grievances. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally-protected right to have his grievances investigated and resolved. Any right of that nature is grounded in state law or regulation and the mere failure of an official to follow state law or regulation, without more, does not violate constitutional minima. *See, e.g., Murray v. Mississippi Dept. of Corrections*, 911 F.2d 1167, 1168 (5th Cir. 1990); *Ramirez v. Ahn*, 843 F.2d 864, 867 (5th Cir.), *cert. denied*, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989); *Baker v. McCollan*, 433 U.S. 137, 146-47, 99 S.Ct. 2689, 2695-2696, 61 L.Ed.2d 433 (1979). Plaintiff's claims against defendants ROTH and MILBERN lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

**Defendants DAVID, VOGELSANG, and THALER**

Plaintiff claims he talked to defendant Warden DAVID because DAVID supervises the Safe Prisons office and plaintiff complained at Unit Classification Committee hearings and sent I-60's to defendant Warden VOGELSANG, all without satisfactory resolution. Plaintiff also claims that defendant THALER makes all the rules and regulations for TDCJ but does not enforce them on officers who break TDCJ rules.

Plaintiff's claims against defendants DAVID, VOGELSANG, and THALER appear to be based upon the supervisory capacity of these defendants and their failure to correct the alleged

wrong; however, the acts of subordinates trigger no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement by these officials and has alleged no fact showing any causal connection between their acts or omissions and the alleged constitutional violation. Consequently, plaintiff's allegations against these defendants fail to state a claim on which relief can be granted.

**RICO CLAIM**

Lastly, as to plaintiff's invocation of the RICO (Racketeer Influenced and Corrupt Organizations) statute, the RICO statute specifically lists those criminal offenses which constitute "racketeering activity," 18 U.S.C. §1961(a), and which in turn make up the "predicate acts," a pattern of which must be shown to assert a civil RICO claim. 18 U.S.C. §§(a) and (c). Plaintiff has not alleged a pattern of racketeering activity necessary to state a claim under 18 U.S.C. §§1962(b), (c) and (d). Plaintiff has not identified any RICO enterprise the defendants acquired, established, conducted, or controlled. Plaintiff has failed to state a claim under the Racketeer Influenced and Corrupt Organizations statute.

## CONCLUSION

Plaintiff has enjoyed two separate opportunities to present his claims to the Court, by way of his complaint and his responses to the Questionnaire subsequently issued. It appears plaintiff

has received sufficient opportunity and has pled his best case. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986).

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, Section 1983, by plaintiff JOHN ARICK COLEMAN is DISMISSED WITH PREJUDICE AS FRIVOLOUS and WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

It is SO ORDERED.

Signed this the _____26th_____ day of February, 2015.

_____
MARY LOU ROBINSON
United States District Judge